# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID OPPENHEIMER,<br><br>  Plaintiff,<br><br>  v.<br><br>MAESTRO MUSIC, INC., DANESC, LLC, CLARKSON C. LOGAN, an individual, and DANIEL D. ESCOBAR, an individual,<br><br>  Defendants. | Case No.: 1:14-cv-04066-AT<br><br>DEFENDANTS' ANSWER AND COUNTERCLAIMS<br><br>DEMAND FOR JURY TRIAL |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS

COME NOW Defendants MAESTRO MUSIC, INC; DANESC, LLC; CLARKSON C. LOGAN, AN INDIVIDUAL; and DANIEL D. ESCOBAR, AN INDIVIDUAL and file the following Affirmative Defenses and Answer to Plaintiff's Complaint and Counterclaims as follows:

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's Complaint is barred by the statute of limitations.

### THIRD DEFENSE

To the extent Defendant is liable to Plaintiff for any damages, Plaintiff's damages, if any, should be reduced because Plaintiff failed to mitigate his damages.

### FOURTH DEFENSE

Plaintiff's Complaint, and each and every claim for relief therein, is barred by 17 U.S.C. 507(b).

### FIFTH DEFENSE

Plaintiff's Complaint, and each and every claim for relief therein, is barred by the doctrine of unclean hands.

### SIXTH DEFENSE

Plaintiff's Complaint, and each and every claim for relief therein, is barred by the doctrine of acquiescence.

### SEVENTH DEFENSE

Plaintiff's Complaint, and each and every claim for relief therein, is barred by the doctrine of waiver.

### EIGHTH DEFENSE

Plaintiff's Complaint, and each and every claim for relief therein, is barred by the doctrine of estoppel.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

### NINTH DEFENSE

Plaintiff's Complaint, and each and every claim for relief therein, is barred on the ground that any purported use of the works described in Plaintiff's Complaint was licensed.

### TENTH DEFENSE

Plaintiff's Complaint, and each and every claim for relief therein, is barred on the grounds that any purported use of the works described in Plaintiff's Complaint was fair and subject to the fair use doctrine and the First Amendment to the United States Constitution.

### ELEVENTH DEFENSE

Plaintiff's lawsuit must fail as Plaintiff as failed to include an indispensable party to this action, namely Performance Impressions, L.L.C., which upon information and belief has a substantial interest in the works Plaintiff alleges were used without authorization, and may even own some or all of the copyright interests in said works.

### TWELFTH DEFENSE

Plaintiff's lawsuit must fail as Plaintiff as failed to include an indispensable party to this action, namely Last.fm Limited, which is to the best of the knowledge and belief of Defendant a corporation located in the United Kingdom, and who is

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

the entity to which Plaintiff has licensed all or a substantial portion of the works upon which Plaintiff's claims against Defendant are based.

## THIRTEENTH DEFENSE

Defendant reserves the right to advance and allege additional affirmative defenses as they may become known to Defendant during the discovery process, investigation of Plaintiff's allegations and Defendant's counterclaims, or otherwise through the course of this lawsuit, and to amend this Answer accordingly.

## ANSWER

Defendants respond to the allegations of Plaintiff's Complaint as follows:

1.

Defendants are without knowledge and information sufficient to form a belief in the truth of the averments contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendants admit that Maestro Music, Inc., is a Georgia corporation. Defendant denies the remaining claims of paragraph 2 of Plaintiff's Complaint.

3.

Defendants admit the truth of the averments contained in paragraph 3 of Plaintiff's Complaint.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

4.

Defendants admit that Defendant Clarkson Logan is an individual, and that Clarkson Logan has subjected himself to the jurisdiction and venue of this Court through his waiver of service. Defendants admit that Defendant Clarkson Logan is the Chief Executive Officer of Defendant Maestro Music Inc. Defendants deny the remaining averments contained in paragraph 4 of Plaintiff's Complaint.

5.

Defendants admit the truth of the averments contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendants deny the averments contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendants admit the averments contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendants admit the averments contained in paragraph 8 of Plaintiff's Complaint.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

9.

Defendants are without knowledge and information sufficient to form a belief in the truth of the averments contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendants are without knowledge and information sufficient to form a belief in the truth of the averments contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendants are without knowledge and information sufficient to form a belief in the truth of the averments contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendants are without knowledge and information sufficient to form a belief in the truth of the averments contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendants are without knowledge and information sufficient to form a belief in the truth of the averments contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny the averments contained in paragraph 14 of Plaintiff's Complaint.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

15.

Defendants deny the averments contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendants deny the averments contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the averments contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendants deny the averments contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendants deny the averments contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the averments contained in paragraph 20 of Plaintiff's Complaint.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

21.

Defendants deny the averments contained in paragraph 21 of Plaintiff's
Complaint.

22.

Defendants deny the averments contained in paragraph 22 of Plaintiff's
Complaint.

23.

Defendants deny the averments contained in paragraph 23 of Plaintiff's
Complaint.

24.

Defendants deny the averments contained in paragraph 24 of Plaintiff's
Complaint.

25.

Defendants deny the averments contained in paragraph 25 of Plaintiff's
Complaint.

26.

Defendants deny the averments contained in paragraph 26 of Plaintiff's
Complaint.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

27.

Defendants deny the averments contained in paragraph 27 of Plaintiff's Complaint.

28.

Defendants deny the averments contained in paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the averments contained in paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the averments contained in paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the averments contained in paragraph 32 of Plaintiff's Complaint.

32.

Defendants deny the averments contained in paragraph 32 of Plaintiff's Complaint.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

33.

Defendants deny the averments contained in paragraph 33 of Plaintiff's Complaint.

34.

Defendants deny the averments contained in paragraph 34 of Plaintiff's Complaint.

35.

Defendants deny the averments contained in paragraph 35 of Plaintiff's Complaint.

36.

Defendants incorporate by reference their responses to paragraphs 1-35 of Plaintiff's Complaint as if fully set forth herein below.

37.

Defendants deny the averments contained in paragraph 37 of Plaintiff's Complaint.

38.

Defendants deny the averments contained in paragraph 38 of Plaintiff's Complaint.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

39.

Defendants deny the averments contained in paragraph 39 of Plaintiff's Complaint.

40.

Defendants deny the averments contained in paragraph 40 of Plaintiff's Complaint.

41.

Defendants deny the averments contained in paragraph 41 of Plaintiff's Complaint.

42.

Defendants deny the averments contained in paragraph 42 of Plaintiff's Complaint.

43.

Defendant deny the averments contained in paragraph 43 of Plaintiff's Complaint.

44.

Defendants deny the averments contained in paragraph 44 of Plaintiff's Complaint.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

45.

Defendants deny the averments contained in paragraph 45 of Plaintiff's Complaint.

46.

Defendants incorporate by reference their responses to paragraphs 1-45 of Plaintiff's Complaint as if fully set forth herein below.

47.

Defendants deny the averments contained in paragraph 47 of Plaintiff's Complaint.

48.

Defendants deny as stated the averments contained in paragraph 48 of Plaintiff's Complaint.

49.

Defendants deny the averments contained in paragraph 49 of Plaintiff's Complaint.

50.

Defendants are deny the averments contained in paragraph 50 of Plaintiff's Complaint.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

51.

Defendants deny the averments contained in paragraph 51 of Plaintiff's Complaint.

52.

Defendants deny the averments contained in paragraph 52 of Plaintiff's Complaint.

WHEREFORE, Defendants DANESC, LLC, DANIEL D. ESCOBAR, an individual, MAESTRO MUSIC, INC., and CLARKSON LOGAN, an individual, having fully answered, requests the following:

(1)   That Plaintiff's claims against each Defendant be dismissed with prejudice with all costs against the Plaintiff;

(2)   That Defendants be awarded attorney's fees in accordance with 17 U.S.C. § 505 as the prevailing party in this action; and

(3)   That this Court grant any and all such further relief as it deems just and proper.

## **COUNTERCLAIMS**

COME NOW, Defendants MAESTRO MUSIC, INC; DANESC, LLC; CLARKSON C. LOGAN, AN INDIVIDUAL; and DANIEL D. ESCOBAR, AN

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

INDIVIDUAL and file the following Counterclaims, and respectfully show the Court as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1.

This is a civil action seeking a declaratory judgment, injunctive relief, and attorney's fees under the Section 505 of Copyright Act of 1976, as codified at 17 U.S.C. § 505.

2.

This case arises from Plaintiff's improper assertion of copyright infringement against Defendants.  The infringement claim is based on Defendant Maestro Music Inc.'s alleged use of Plaintiff's photographic works without authorization or fair use defense on Defendant Maestro Music Inc.'s passworded, non-public website. Defendant Maestro Music Inc.'s passworded, non-public website makes use of various Application Protocol Interfaces (APIs) available to website developers which provide data to Maestro Music Inc.'s systems automatically, and under either license or fair use.  As a result of Plaintiff's assertion of infringement, and this current lawsuit by Plaintiff against Defendants, Defendants have been left in a legal limbo regarding their liability relating to the works Plaintiff continues to make

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

available through various internet APIs, but not the subject of Plaintiff's current lawsuit against Defendants, pending a ruling from this Court.

3.

Because Defendant Maestro Music Inc.'s use of Plaintiff's photographic works is lawful, either through license or under the statutory "fair use" doctrine set forth in the Copyright Act, 17. U.S.C. § 107, and because Defendants Clarkson Logan, Daniel Escobar, and Danesc, LLC cannot be held individually liable for the actions of Defendant Maestro Music Inc., Defendants bring this action to clarify the rights of the parties and to refute Plaintiff's assertions of copyright infringement.

4.

Defendants also seek attorney's fees from Plaintiff under the Copyright Act, 17 U.S.C. § 505.

**PARTIES**

5.

Plaintiff David Oppenheimer is alleged to be an individual who resides in Asheville, North Carolina (Pl.'s Complaint ¶ 1), and is therefore presumably a resident of North Carolina.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

6.

Defendant Maestro Music Inc. is a corporation organized under the laws of the State of Georgia.

7.

Defendant Danesc, LLC is a limited liability company organized under the laws of the State of Georgia.

8.

Defendants Daniel Escobar and Clarkson Logan are individuals who are Defendants in this lawsuit and who have waived service of process in this matter.

9.

Upon information and belief, Plaintiff David Oppenheimer claims to be authorized to enforce the copyrights of himself, David Oppenheimer, as well as Performance Impressions, LLC, and the Last.fm user Concert_photos (http://www.last.fm/user/Concert_photos).

**JURISDICTION AND VENUE**

10.

Plaintiff has personally subjected himself to the jurisdiction of this Court by filing this lawsuit against Defendants.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

- 16 -

11.

Defendants have waived service of process and subjected themselves to the personal jurisdiction of this Court.

12.

This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.*

13.

This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

14.

Venue for this action is proper under 28 U.S.C. § 1391(b)(3).

## **FACTUAL ALLEGATIONS**

*Plaintiff's Photography 'Business'*

15.

Plaintiff alleges to be a professional photographer who makes his living taking, licensing, and selling prints of his photographs.  (Pl's Complaint ¶ 9.)

16.

Plaintiff alleges to have taken the photos of a large number of musical artists and bands between the years of 2005 and 2012. (Pl's Complaint ¶ 9.)

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

17.

Upon information and belief, Plaintiff does business through a North Carolina limited liability company named Performance Impressions, L.L.C.

18.

Upon information and belief, Plaintiff is the sole or primary owner of Performance Impressions, L.L.C.

*Plaintiff's Use of Last.fm Services*

19.

Upon information and belief, Plaintiff has an account on the website Last.fm named Concert_photos, which can be viewed at (http://www.last.fm/user/Concert_photos).

20.

The Last.fm account Concert_photos lists the name David Oppenheimer and includes a link to the website for Performance Impressions, L.L.C. (http://www.performanceimpressions.com/intro.html).

21.

Plaintiff, through his Concert_photos user account on Last.fm, has uploaded a substantial number of photographs he has taken of musical artists and bands to the Last.fm website.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

22.

Plaintiff, through his Concert_photos user account on Last.fm, was required to agree to licensing terms for any and all material he uploads or posts to Last.fm, including any and all photos Plaintiff uploaded to Last.fm.

23.

Plaintiff licensed to Last.fm the right to use the photos in any manner chosen by Last.fm when he uploaded those photos to their service through Plaintiff's Concert_photos user account.

*Defendant Maestro Music Inc.'s Use of Last.fm's API*

24.

Last.fm provides an Application Protocol Interface (API) to web developers which allows those web developers to access Last.fm's data.

25.

Last.fm licenses to the users of its API the right to use Last.fm's data for a variety of purposes.

26.

Photographs uploaded by users, such as Plaintiff's Concert_photos user account, are included in the data Last.fm provides to web developers, under license, through its API.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

27.

Defendant Maestro Music, Inc., is a company which uses the Last.fm API, under license, to access Last.fm's data to create unique presentations of that data on its website.

28.

The Last.fm data that Maestro Music, Inc., had access to through the Last.fm, under license, included the photographs of Plaintiff's Concert_photo Last.fm user account.

*Plaintiff's Entrapment, Harrassment, Intimidation, and Extortion Efforts Directed at Defendants and Other Non-Parties Based on Photographs Uploaded to Last.fm*

29.

Plaintiff was made aware very early in this dispute between all of the parties that Maestro Music, Inc., accessed data from Last.fm under license and through the Last.fm API.

30.

Plaintiff was made aware that his photos from Last.fm were licensed to Last.fm by Plaintiff when he created his Last.fm user account, agreed to the licensing terms of that account, and then uploaded his photos using his Concert_photos Last.fm account to the Last.fm website.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

31.

Plaintiff has steadfastly refused to acknowledge that he licensed his works to Last.fm to use in a very broad manner, including the sublicensing of the works to third parties through its API and for other purposes.

32.

Plaintiff has instead sought, in his individual capacity and through his legal counsel, to extort payments from Defendants for works which were properly licensed to Last.fm by Plaintiff, and to Defendant Maestro Music, Inc., by Last.fm.

33.

Upon information and belief, Plaintiff has sought to extort money from other online services, websites, startup companies, and individuals who have used, under license, Last.fm's API services to create unique and new mashups of Last.fm's data, including Plaintiff's photographs which he uploaded to Last.fm using his Concert_photos Last.fm user account.

34.

Upon information and belief, Plaintiff has engaged in a pattern of activity in which he misrepresents the licensing rights he has provided Last.fm for his works in

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

order to harass, intimidate, and extort his targets with claims of copyright infringement for works which are being used under license from Last.fm.

35.

Examples of Plaintiff's attempts to harass, intimidate, and extort his targets includes threatening to file, and the actual filing of, lawsuits against owners and shareholders of companies who have no personal liability for the actions of the legal entities in which they hold equity, and have not engaged individually in any alleged infringing actions.

36.

Additional examples of Plaintiff's attempt to harass, intimidate, and extort his targets include the filing of lawsuits against legal entities unrelated to the legal entity under which the alleged infringing actions occurred simply because these other legal entities are owned by shareholders of the alleged infringing entity.

*Plaintiff's Efforts To Benefit From Search Engine Indexing To Increase Exposure*

37.

Upon information and belief, Plaintiff has engaged in affirmative steps to ensure that photographs he has taken were indexed by various search engines, including both Google.com and Bing.com.

38.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

Plaintiff's affirmative steps may be viewed as an implied license granted to Microsoft Corporation's Bing.com search engine platform, plus other search engine platforms, to use Plaintiff's works in the manner and method in which they were used, including providing access to the works through Application Protocol Interfaces (APIs) to third-party developed such as Defendant Maestro Music Inc.

39.

Plaintiff's affirmative efforts to increase the exposure of his photographs to the Internet at large by seeking to have those photographs indexed by various internet search engines, such as Google.com or Bing.com, have resulted in his works being used by search engines in accordance with the fair use precedents set forth in Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146 (9th Cir. 2007), and Kelly v. Arriba Soft Corporation, 336 F.3d 811 (9th Cir. 2003).

40.

Microsoft Corporation, through its Bing.com search engine platform, provides APIs to developers which allow developers to use the search engine data it possesses to create unique presentations of that data on the developer's websites.

41.

The Microsoft Corporation Bing.com API allows the use of this data for a variety of purposes.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

42.

Defendant Maestro Music, Inc., is a company which uses the Microsoft Corporation Bing.com API, under license, to access Microsoft Corporation's Bing.com data to create unique presentations of that data on its website.

43.

Plaintiff has refused to acknowledge the fair use applications of his work.

44.

Plaintiff has instead sought, in his individual capacity and through his legal counsel, to extort payments from Defendants for works that have been properly used under well-established fair use precedents applicable to such search engine data.

45.

Upon information and belief, Plaintiff has sought to extort money from other online services, websites, startup companies, and individuals who have properly used, under license, Microsoft Corporation's Bing.com API services to create unique and new mashups of Bing.com's data, including Plaintiff's photographs, under well-established fair use precedents applicable to such search engine data.

46.

Upon information and belief, Plaintiff has engaged in a pattern of activity in which he misrepresents the scope of his copyrights in his photographic works, and

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

misrepresents the fair use rights enjoyed by society at large, individuals, and companies in relation to his photographic works, especially those works for which has affirmatively sought greater exposure through search engine platforms such as Google.com and Bing.com, in order to harass, intimidate, and extort his targets with claims of copyright infringement for works which are being used under well-established fair use precedents applicable to such search engine data.

47.

Examples of Plaintiff's attempts to harass, intimidate, and extort his targets include threatening to file, and the actual filing of, lawsuits against owners and shareholders of companies who have no personal liability for the actions of the legal entities in which they hold equity, and have not engaged individually in any alleged infringing actions.

48.

Additional examples of Plaintiff's attempt to harass, intimidate, and extort his targets include the filing of lawsuits against legal entities unrelated to the legal entity under which the alleged infringing actions occurred simply because these other legal entities are owned by shareholders of the alleged infringing entity.

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

## Count I

*Declaratory Relief Pursuant to 28 U.S.C. § 2201, et seq. (Declaratory Judgment Act) and the Copyright Act (Title 17 of the U.S. Code)*

49.

There is a real and actual controversy between Defendants and Plaintiff regarding whether Defendant Maestro Music Inc.'s use of Plaintiff's photographic works through Defendant Maestro Music Inc.'s license from Last.fm infringes a copyright that Plaintiff lawfully owns or administers.

50.

There is a real and actual controversy between Defendants and Plaintiff regarding whether Defendant Maestro Music Inc.'s use of Plaintiff's photographic works through the Bing.com API license infringes a copyright that Plaintiff lawfully owns or administers.

51.

There is a real and actual controversy between Defendants and Plaintiff regarding whether Defendant Maestro Music Inc.'s use of Plaintiff's photographic works may result in individual liability for Defendants Clarkson Logan and Daniel Escobar, and Defendant Danesc, LLC.

52.

Plaintiff's conduct in continuing to make available his works through both Last.fm and through allowing, and affirmatively seeking, search engine indexing of the works has resulted in Defendants facing continuous and ongoing claims by Plaintiff regarding his past, current, and future works he continues to make available by license, explicit or implied, or through fair use through said services.

53.

Plaintiff's claims for infringement against Defendants go beyond the specifically alleged incidents of infringement in Plaintiff's Complaint, and may in the future encompass photographic works uploaded in the future by Plaintiff to various services, or photographic works previously not accessed through the automatic API process by Defendant Maestro Music Inc. but access at a later date.

54.

The controversy between Plaintiff and Defendants as to the scope and nature of Plaintiff's copyrights in his works, whether the works are properly licensed, or otherwise used in a fair manner in accordance with well-established fair use precedent, and whether individuals and unrelated third-parties may be subjected to liability based merely upon association with an entity who used Plaintiff's works is

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

real and substantial, and demands specific relief through a decree of conclusive character.

55.

Defendants are entitled to a declaratory judgment that:

(A)     Defendant Maestro Music Inc.'s use of works licensed through Last.fm, both past, present, and future, does not infringe upon Plaintiff's copyright in those works;

(B)     Defendant Maestro Music Inc.'s past, present, and future use of works through the Microsoft Corporation Bing.com API is through an implied license granted by Plaintiff through his affirmative acts to seek to have his works indexed through said service;

(C)     Defendant Maestro Music Inc.'s past, present, and future use of works through the Microsoft Corporation Bing.com API is fair in accordance with the fair use precedents set forth in Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146 (9th Cir. 2007), and Kelly v. Arriba Soft Corporation, 336 F.3d 811 (9th Cir. 2003), and well as other well-established fair use precedents governing the fair use of copyrighted works; and

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

(D)     Defendants Clarkson Logan, Daniel Escobar, and Danesc LLC cannot be held individually liable for the actions of Defendant Maestro Music Inc. merely be association with Defendant Maestro Music Inc., either formally through equity interests or contract, or informally, absent a clear assumption of risk;

56.

As a direct and proximate result of Plaintiff's actions, Defendants have been injured substantially and irreparably. Such injury includes, but is not limited to, the financial and personal expenses associated with responding to the claim of infringement, harm to Defendants' free speech rights under the First Amendment, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1.     For a declaration that Defendant Maestro Music Inc.'s use of Plaintiff's photographic works uploaded to the Last.fm service does not infringe upon Plaintiff's copyright in said works;

2.     For a declaration that Defendant Maestro Music Inc.'s use of Plaintiff's photographic works for which Plaintiff made affirmative steps to have indexed by Microsoft Corporation's Bing.com search engine platform

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

do not infringe upon Plaintiff's copyright in those works because of an implied license granted by Plaintiff to Microsoft Corporation through his affirmative steps to seek the indexing of those works;

3. For a declaration that Defendant Maestro Music Inc.'s use of Plaintiff's photographic works through Microsoft Corporation's Bing.com API is protected by the fair use doctrine and does not infringe upon Plaintiff's copyright;

4. For a declaration that Defendants Clarkson Logan and Daniel Escobar cannot be held individually liable for the actions of Defendant Maestro Music Inc. solely based on their equity ownership, if any, in Maestro Music Inc.;

5. For a declaration that Defendants Clarkson Logan, Daniel Escobar, and Danesc LLC cannot be held individually liable for the actions of Defendant Maestro Music Inc. solely based upon the fact that the Defendants performed work for Maestro Music Inc. in the past;

6. For a declaration that Defendant Danesc LLC cannot be held individually liable for the actions of Defendant Maestro Music Inc. solely based upon the fact that the principal of Danesc LLC is a shareholder of Defendant Maestro Music Inc.;

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

7.    For an order enjoining Plaintiff, its agents, attorneys, and assigns from asserting a copyright claim against Defendants in connection with the photographic works Plaintiff has licensed to Last.fm;

8.    For an order enjoining Plaintiff, its agents, attorneys, and assigns from asserting a copyright claim against Defendants in connection with the photographic works of Plaintiff's available through the Bing.com API, either through implied license or through the fair use doctrine;

9.    For an order enjoining Plaintiff, its agents, attorneys, and assigns from asserting a copyright claim against Defendants Clarkson Logan, Daniel Escobar, and Danesc LLC in connection with Plaintiff's photographic works used by Defendant Maestro Music, Inc.;

10.   For damages according to proof;

11.   For costs of this lawsuit incurred herein, including reasonable attorneys' fees; and

12.   For such other and further relief as the Court may deem just and proper.

**Respectfully Submitted this 17th day of March 2015.**

**THE NELSON LAW CHAMBERS, LLC**

By:   /s/ John William Nelson
      John William Nelson
      Georgia Bar No. 920108
      The Nelson Law Chambers LLC
      P.O. Box 922873
      Norcross, Georgia 30010

      Telephone: (404) 348-4462
      Facsimile: (404) 549-6765
      john@nelsonchambers.com

      *Counsel for Defendants Maestro Music Inc. & Clarkson Logan;*
      *Counterclaim Counsel for Defendants Maestro Music Inc., Danesc LLC,*
      *Clarkson Logan, & Daniel Escobar*

**and**

**DOWNEY & CLEVELAND, LLP**

By:   /s/ Colby Jones
      Colby Jones
      Georgia Bar No. 153007
      Downey & Cleveland, LLP
      288 Washington Avenue
      Marietta, GA 30060

      Telephone: (770) 422-3233
      Facsimile: (770) 423-4199

      *Counsel for Defendants Danesc, LLC and Daniel Escobar in Defense of*
      *Plaintiff's Claims*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DAVID OPPENHEIMER,       )
                              )
       Plaintiff,         )
                              )
       v.             )  Case No.: 1:14-cv-04066-AT
                              )  CERTIFICATE OF SERVICE
MAESTRO MUSIC, INC., DANESC, )
LLC, CLARKSON C. LOGAN, an   )
individual, and DANIEL D.       )
ESCOBAR, an individual,        )
                              )
       Defendants.    )

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the DEFENDANTS'
ANSWER AND COUNTERCLAIMS with the Clerk of Court using the CM/ECF
system which will automatically send email notification of such filing to the
following attorneys of record:

    John William Nelson
    **john@nelsonchambers.com**

    Colby Jones
    **jones@downeycleveland.com**

    Carolyn E. Wright
    **carolyn@photoattorney.com**

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233

Evan A. Andersen

**evan@photoattorney.com**

Respectfully submitted this <u>17th</u> day of <u>March</u>, 2015.

**THE NELSON LAW CHAMBERS, LLC**
<u>/s/ John William Nelson</u>
John William Nelson
Georgia Bar No. 920108
*Counsel for Defendants Maestro Music Inc. &*
*Clarkson Logan; Counterclaim Counsel for*
*Defendants Maestro Music Inc., Danesc, LLC,*
*Clarkson Logan, & Daniel Escobar*

*4849-5319-6834, v. 1*

DOWNEY & CLEVELAND, LLP
Attorneys at Law
288 Washington Avenue
Marietta, Georgia 30060
(770) 422-3233